UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

    -against-                               **MEMORANDUM & ORDER**

MICHAEL BROWN,                       07-CR-874 (KAM)

               Defendant.

----------------------------------X

**MATSUMOTO**, United States District Judge:

        Defendant Michael Brown is charged in a February 2009 superseding indictment ("Indictment") with, inter alia, one count of conspiring, between May 2006 and December 2007, to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). (Indictment, Count 1.) Pending before the court is Defendant Brown's pro se motion (Doc. No. 272) arguing that, because the grand jury charged the identity of the controlled substance with regard to the conspiracy charge, the indictment contains surplusage which should be stricken pursuant to Fed. R. Crim P. 7(d), and unconstitutionally amends 21 U.S.C. § 846 by adding elements to the conspiracy offense, and that the identification of the controlled substance constructively amends the indictment. Defendant Brown requests the court to strike the identity of the controlled substance from the indictment. The government filed its opposition by letter dated February 24,

1

2009. (Doc. No. 276.)  After considering the parties' submissions, for the following reasons, Defendant's motion is denied.

**I.   DISCUSSION**

Defendant argues that the identification of the specific controlled substance as "a substance containing cocaine base" in the indictment is "surplusage" and should be stricken pursuant to Fed. R. Crim. P. 7(d).  Defendant argues that Section 841(a)(1) of Title 21 refers to a "controlled substance," not specifically to a "substance containing cocaine base," as part of the offense.  (Def. Brown's Mot. 11.)  Defendant is correct that it is Section 841(b)(1)(A)(iii), regarding penalties, not Section 841(a)(1), that specifically refers to a controlled substance which "contains cocaine base."

The court notes that "[m]otions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Mulder, 273 F.3d 91, 99 (2d Cir. 2001) (quoting United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990)).  The government submits that the controlled substance specified in the indictment is the "controlled substance about which the jury will hear

evidence at trial." (Gov. Opp. 2.) Accordingly, the specification of the controlled substance is both relevant and non-prejudicial. See United States v. Ferguson, 478 F. Supp. 2d 220, 235 (S.D.N.Y. 2007) ("District courts within this circuit have interpreted relevance to include language that explains the crimes charged"). The defendant's motion to strike surplusage is denied.

Defendant Brown additionally appears to argue that the indictment constructively amends 21 U.S.C. § 846 by adding the elements of 21 U.S.C. § 841 to the offense, thereby expanding the breadth of the offense for which he is charged to include conduct potentially not encompassed by the definition of "conspiracy" pursuant to Section 846. (Def. Brown's Mot. 3-5.) However, the defendant misconstrues the authority he cites, which generally regards the judiciary's role in statutory interpretation and its relation with the legislature. This jurisprudence is irrelevant in this case.

Regardless, the defendant's argument hinges on his flawed assertion that "§ 846 is structured so that the provision operates independently of others, so, there is no need to cross-reference the congressionally defined elements." (Def. Brown's Mot. 4.) It is clear from the face of Section 846 that this argument is misguided. The statute states, in relevant part, "[a]ny person who attempts or conspires to

commit <u>any</u> <u>offense defined in this title</u> shall be subject to the <u>same penalties as those prescribed for the offense</u>, the commission of which was the object of the attempt or conspiracy."  21 U.S.C. § 846 (emphasis added).  Section 846's reference to "any offense defined in this title" includes 21 U.S.C. § 841, and its reference to the "same penalties" prescribed for the offense includes 21 U.S.C. § 841(b)(1)(A)(iii).  Although the definition of the offense refers generally to a "controlled substance", 21 U.S.C. § 841(b)(1)(A)(iii) refers specifically to controlled substances "with cocaine base" when prescribing the penalties.  As a result, the indictment is consistent with the plain language of the statute, and does not expand the definition of the offenses for which the defendant is charged.  Instead, the specificity of the indictment arguably effectively narrows the charge for which the defendant will be tried.  Such specificity appropriately "'informs the defendant of the nature and cause of the accusation.'"  (Def. Brown's Mot. 5.)  <u>See</u> <u>United States v. Resendiz-Ponce</u>, 549 U.S. 102, (2007) (an indictment is constitutionally sufficient if it "contains all of the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and [] enables him to plead an acquittal or conviction in bar of

future prosecutions for the same offense."). Therefore, the defendant's motion on this basis is denied.

Additionally, the indictment charging the specific controlled substance that was the object of the conspiracy is not a "constructive amendment from the indictment." A constructive amendment of the indictment occurs "when the government's presentation of evidence and the district court's jury instructions combine to modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." United States v. Couto, 119 Fed. Appx. 345, 348 (2d Cir. 2005). In this case, the government has yet to present evidence to prove its charge. Therefore, the concept of a "constructive amendment" of the indictment is inapplicable. The defendant's motion on this basis is denied.

## II. CONCLUSION

For the foregoing reasons, Defendant Brown's pro se motion to strike the identity of the controlled substance from the indictment is hereby denied.

**SO ORDERED.**

Dated: February 26, 2009
      Brooklyn, New York

                                                  /s/
                                        KIYO A. MATSUMOTO
                                        United States District Judge
                                        Eastern District of New York